UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2013

LETTER TO COUNSEL:

  RE: *Sean David Talbott v. Commissioner, Social Security Administration*
    Civil No. SAG-12-1016

Dear Counsel:

  On April 3, 2012, the plaintiff, Sean Talbott, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered Plaintiff's motion for judgment on the pleadings and the Commissioner's motion for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d. 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Talbott filed his claim on December 8, 2008, alleging disability beginning November 6, 2008. (Tr. 18, 134-36). His claim was denied initially on March 6, 2009, and upon reconsideration on October 2, 2009. (Tr. 18, 52-54, 56-57). A hearing was held on September 2, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 18, 30-49.) On September 20, 2010, the ALJ determined that Mr. Talbott was not disabled during the relevant timeframe. (Tr. 15-29). The Appeals Council denied Mr. Talbott's request for a review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Talbott suffered from the severe impairments of depression and panic attacks. (Tr. 20). However, the ALJ determined that Mr. Talbott's impairments "considered singly and in combination, do not meet or medically equal the criteria of listing 12.04." (*Id.*) The ALJ also found that Mr. Talbott "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform multi step activities and requires minimal contact with the public." (Tr. 21). The ALJ did not take testimony from a vocational expert ("VE"), but found that Mr. Talbott was "not disabled" under Medical-Vocational Guideline 204.00. (Tr. 24).

  Mr. Talbott raises three issues on appeal: (1) that the ALJ failed to properly weigh the medical opinions of record; (2) that the ALJ failed to properly evaluate Mr. Talbott's credibility;

*Sean David Talbott v. Commissioner, Social Security Administration*
Civil No. SAG-12-1016
April 3, 2013
Page 2

and (3) that the ALJ improperly relied upon the Medical-Vocational Guidelines ("the Grids").

As to Mr. Talbott's first contention, the ALJ did consider the opinions of Michelle Williams, a CNRP-PMH in the practice of Dr. Milan K. Joshi (improperly identified as "Joshi Milan" by the ALJ), and Dr. Njide Udochi.[1]  The ALJ accepted the diagnoses of Ms. Williams and Dr. Udochi that Mr. Talbott suffered from depression and anxiety disorder.  However, the ALJ disagreed that those severe impairments prevented Mr. Talbott from engaging in any substantial gainful activity.  In not accepting the opinion of the doctors, the ALJ noted that, at the time of the hearing, Mr. Talbott was attending Morgan State University, taking courses amounting to twelve hours a week.  (Tr. 22).  The record also discloses that, prior to being accepted into the architectural program at Morgan State, Mr. Talbott had attended Howard Community College, where he compiled a commendable record.  (Tr. 369).  These scholastic activities constitute substantial evidence supporting (1) the ALJ's disagreement with the doctors' opinions as to Mr. Talbott's ability to work and (2) his finding that Mr. Talbott did have the capacity to engage in substantial gainful activity.[2]

Mr. Talbott also contends that the ALJ's mental RFC was not supported by substantial evidence.  An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC.  Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton–Miller v. Astrue,* 459 F.App'x 226, 230–31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). Moreover, the ALJ cited, with approval, the opinions of Dr. Kulpinski and the consultative examiner.  (Tr. 22-23).  In combination with Mr. Talbott's scholastic history and activities of daily living, substantial evidence therefore supported the ALJ's mental RFC analysis, which resulted in an RFC limiting his work to work involving only "minimal contact with the public."  (Tr. 21).

Mr. Talbott's second argument is that the ALJ failed to properly evaluate his credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater*, 76 F.3d at 594.  First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant.  *Id.*  After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work."  *Id.* at 595.  The ALJ followed that process in this case.

---

[1] This Court only has to consider evidence that is new and material.  The opinion of Dr. Joshi, which was submitted to the Appeals Council but not to the ALJ, does not constitute new and material evidence because it is duplicative of Ms. Williams's report.  (Tr. 512).  Because the ALJ appeared to be under the misimpression that Ms. Williams's report in fact came from Dr. Joshi (Tr. 22), her status as a CNRP-PMH did not affect the ALJ's analysis.

[2] The ALJ also noted that Dr. Udochi's opinion was internally inconsistent and cited back pain, which Mr. Talbott had not alleged.  (Tr. 22).

The ALJ provided an analysis of both the medical evidence and Mr. Talbott's scholastic history, (Tr. 22-23). Moreover, the ALJ noted the discrepancy between Mr. Talbott's own reports of limitations and his scholastic achievements. (Tr. 23). The record supports the ALJ's assessment. For example, it is difficult to comprehend how Mr. Talbott's successful completion of college courses is consistent with his representation that he "can not function well enough to write a paragraph." (Tr. 201). Therefore, the ALJ's adverse credibility finding was supported by substantial evidence.

Mr. Talbott's third contention is that the ALJ erred by relying upon the Grids, rather than obtaining VE testimony. As a general matter, the Fourth Circuit has ruled that where a claimant "demonstrates the presence of nonexertional impairments," the Commissioner must use expert vocational testimony, rather than relying on the Grids. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983). However, over time the broad language of *Grant v. Schweiker* has been read somewhat more narrowly. As set forth by this Court in *Mackall v. Astrue*, No. 1:08-cv-03312-PWG, 2010 WL 3895345, *1 (D. Md. Sept. 30, 2010),

> [t]he mere presence of nonexertional impairments does not, *per se*, preclude application of the Medical-Vocational Guidelines, as nonexertional limitations rise to the level of nonexertional impairments and preclude the use of the Guidelines only when the limitations are significant enough to prevent a wide range of gainful activity at the designated level. Not every non-exertional impairment precludes reliance on the grids.

Here, there was substantial evidence from which the ALJ could properly find that Mr. Talbott's limitations were not "significant enough to prevent a wide range of gainful employment" in unskilled work at all exertional levels. *Mackall*, 2010 WL 3895345 at *1. His successful performance at the Howard Community College and at Morgan State, in addition to the numerous medical records showing high GAF scores and stable symptoms, provided the necessary substantial evidence upon which the ALJ relied.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 14) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge